CC: Aler, DKW

# UNITED STATES DISTRICT COURT

ORIGINAL

# DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 09 2026

at 9 o'clock and 30 min. A M
Lucy H. Carrillo, Clerk

**PLAINTIFF,**

Theodore Haugland

99-009 Kalaloa St Apt D2016

Aiea, HI 96701

administrator@theodorehaugland.com

(202)933-3332

V.

**DEFENDANT,**

Microsoft Corporation

1 Microsoft Way

Redmond, WA 98052

(800) 642-7676

Case No. **CV26. 00190** DKW  WRP

JURY TRIAL DEMANDED

# COMPLAINT

# I. INTRODUCTION

1. This case arises from Defendant Microsoft Corporation's creation and publication of false and defamatory statements about Plaintiff through its artificial intelligence system known as Microsoft Copilot.

2. Microsoft Copilot is not a passive display tool. It is an artificial intelligence system that generates direct answers to user queries.

3. Microsoft Copilot generates responses that are presented as factual outputs attributable to Microsoft itself, not as third-party content.

4. When users search for Plaintiff Theodore Haugland using Microsoft Copilot, the system generates definitive, narrative answers describing Plaintiff as a criminal involved in fraud, financial misconduct, violent activity, and drug-related offenses.

5. These statements are false.

6. Microsoft presents these outputs as reliable, factual, and authoritative answers.

7. Users are not presented with competing sources or uncertainty; instead, they are given a single synthesized answer generated by Microsoft.

8. Third parties rely on these outputs as statements of fact.

9. As a direct and proximate result, Plaintiff has suffered severe reputational harm, economic loss, and loss of employment opportunities.

10. Employers, business partners, clients, and affiliates have searched Plaintiff using Microsoft Copilot, read Microsoft's generated statements, and terminated or refused relationships with Plaintiff.

11. The pattern is consistent: once Microsoft's AI-generated statements are read, the relationship ends.

12. Microsoft's conduct has effectively rendered Plaintiff unemployable.

13. This case arises from Microsoft's own conduct, including the design and operation of a system that generates false factual statements presented as Microsoft's own answers.

## II. PARTIES

14. Plaintiff Theodore Haugland is an individual residing at 99-009 Kalaloa St Apt D2016, Aiea, HI 96701..

15. Defendant Microsoft Corporation is a corporation organized under the laws of the State of Washington, with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

## III. JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

17. The parties are citizens of different states.

18. The amount in controversy exceeds $2,000,000,000.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

### A. MICROSOFT COPILOT GENERATES DIRECT FACTUAL ANSWERS

20. Microsoft Copilot is designed to provide direct answers to user queries.

21. Unlike traditional search engines, Copilot does not merely display links or third-party content.

22. Instead, Copilot generates a single, synthesized response presented as a factual answer.

23. These responses are attributable to Microsoft because they are created by Microsoft's system and delivered as Microsoft's output.

24. When users search Plaintiff's name, Copilot generates statements describing Plaintiff as a criminal engaged in serious wrongdoing.

25. These statements include allegations of fraud, financial crimes, violent conduct, and drug-related activity.

26. These statements are false.

## B. MICROSOFT IS THE CREATOR AND SPEAKER OF THE CONTENT

27. The statements concerning Plaintiff are not quotes from third-party sources.

28. They are not neutral summaries.

29. They are newly generated narrative statements created by Microsoft's AI system.

30. Microsoft presents these statements as factual answers.

31. Users reasonably understand these outputs to be statements made by Microsoft.

32. Microsoft therefore acts as an information content provider with respect to these statements.

33. Microsoft materially contributes to the unlawful nature of the content by generating false factual assertions about Plaintiff.

## C. THIRD-PARTY RELIANCE ON MICROSOFT'S OUTPUTS

34. Employers, business partners, and clients routinely use AI tools to obtain information about individuals.

35. These individuals used Microsoft Copilot to search Plaintiff.

36. Copilot provided false criminal allegations in response.

37. These individuals relied on Microsoft's outputs as factual and trustworthy.

## D. TERMINATION OF RELATIONSHIPS

38. After reviewing Microsoft's generated answers, individuals terminated or refused business and professional relationships with Plaintiff.

39. This pattern is consistent across multiple individuals and entities.

40. Plaintiff has identified these individuals and entities in Exhibits A and B.

## E. LOSS OF EMPLOYMENT

41. Plaintiff has sought employment opportunities.

42. Prospective employers rely on AI-generated information.

43. Microsoft Copilot provides false criminal allegations about Plaintiff.

44. As a result, Plaintiff has been denied employment.

45. Plaintiff is effectively unemployable.

## F. CAUSATION

46. Microsoft's conduct directly caused Plaintiff's harm.

47. The causal chain is:

Microsoft Copilot Output → Third Party Reads → Believes → Terminates Relationship → Plaintiff Harmed

## G. SECTION 230 DOES NOT APPLY

48. Section 230 does not apply because the content at issue is created by Microsoft.

49. Microsoft Copilot generates direct answers that are attributable to Microsoft.

50. The statements are not provided by another information content provider.

51. Plaintiff's claims arise from Microsoft's own conduct, including generating false factual statements and presenting them as authoritative answers.

# V. CAUSES OF ACTION

## COUNT I – DEFAMATION

52. Microsoft published false statements of fact about Plaintiff.

53. The statements were communicated to third parties.

54. The statements are defamatory.

55. Plaintiff suffered damages.

## COUNT II – FALSE LIGHT

56. Microsoft portrayed Plaintiff in a false and offensive manner.

## COUNT III – NEGLIGENCE

57. Microsoft owed a duty to prevent foreseeable harm.

58. Microsoft breached that duty.

59. Plaintiff suffered damages.

## COUNT IV – INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60. Microsoft's conduct caused severe emotional distress.

## COUNT V – PRODUCT LIABILITY (DEFECTIVE DESIGN)

61. Microsoft's AI system is defectively designed.

62. The system foreseeably generates false criminal allegations.

63. Plaintiff was harmed.

## COUNT VI – NEGLIGENT MISREPRESENTATION

64. Microsoft supplied false information.

65. Third parties relied on that information.

66. Plaintiff suffered damages.

# VI. DAMAGES

67. Loss of employment

68. Loss of business relationships

69. Loss of income

70. Reputational harm

# VII. PRAYER FOR RELIEF

Plaintiff requests:

A. Damages exceeding $2,000,000,000

B. Punitive damages

C. Injunctive relief

D. Costs and fees

E. Any further relief the Court deems just and proper

## VIII. JURY DEMAND

Plaintiff demands a trial by jury.

## SIGNATURE

*Dated: April 9, 2026*

s / Theodore Haugland

Theodore Haugland

99-009 Kalaloa St Apt D2016

Aiea, HI 96701-3498

administrator@theodorehaugland.com

(202)933-3332

**Plaintiff, *Pro Se***