IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THEODORE HAUGLAND,<br><br>  Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | Case No. 26-cv-00190-DKW-WRP<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On April 9, 2026, Plaintiff Theodore Haugland, proceeding without counsel, filed a Complaint against Microsoft Corporation (Microsoft), asserting numerous tort claims and alleging that Microsoft's "artificial intelligence system known as Microsoft Copilot" falsely describes Haugland as "a criminal involved in fraud, financial misconduct, violent activity, and drug-related offenses."   Dkt. No. 1.   At the same time, Haugland also filed an application to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 3, which, pursuant to 28 U.S.C. Section 1915, the Court assesses below.

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1]Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), an applicant must nonetheless show an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, because the IFP Application is incomplete, Haugland is yet to show an entitlement to proceed without prepaying fees or costs in this action.  Specifically, while Haugland answers questions related to disability income he receives, his checking or savings accounts, his regular monthly expenses, and his dependents, he has failed to answer questions related to whether he receives take-home pay or income other than disability payments, whether he owns any item of value, such as real estate, and the amounts of his debts and to whom they are owed.  Instead, those matters have been left blank.  So it is clear, *every question* in the IFP Application must be answered in full, even if the answer is "zero" or "not applicable".  The IFP Application, Dkt. No. 3, is, therefore, DENIED WITHOUT PREJUDICE to re-filing with complete answers.

Haugland may have until **April 30, 2026** to *either* (1) file a new IFP application consistent with the instructions above, or (2) pay the filing fee for this

2

action.   **The Court cautions Haugland that the failure to either file a new, complete IFP application or pay the filing fee by April 30, 2026 will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Haugland a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: April 14, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Theodore Haugland v. Microsoft Corporation*; Case No. 26-cv-00190-DKW-WRP; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**